LAW LIBRARY

# IN THE SUPERIOR COURT OF GUAM

DOLORES JASMIN,
                    Plaintiff,

          v.

JOVITO JASMIN,
                    Defendant.

)  DOMESTIC CASE NO. DM0848-12
)
)  DECISION AND ORDER RE.
)  DEFENDANT'S ORDER TO SHOW
)  CAUSE RE: TEMPORARY
)  RESTRAINING ORDERS; CUSTODY
)  AND PLAINTIFF'S OBJECTION AND
)  CROSS-OSC FOR RESTRAINING
)  ORDER

On July 29, 2013 Defendant Jovito Jasmin ("Jovito") filed an *Order to Show Cause RE: Temporary Restraining Orders; Custody* ("OSC") and Plaintiff Dolores Jasmin ("Dolores") filed an *Objection and Cross-OSC for a Restraining Order* ("Objection") in response later that same day. Both requests were filed in the instant domestic case, which is a Complaint for Marital Dissolution. The matter came before this Court for hearing on the OSC/TRO on July 30, 2013, at which time the Court dismissed the request as being filed in violation of the Rules of Civil Procedure governing petitions for protection from abuse. At the request of Defendant/Petitioner Jovito's counsel, the Court hereby issues its written Decision and Order.

Jovito's Declaration states facts defined as "abuse" under 7 GCA § 40101(a) and the parties are family or household members defined under 7 GCA § 40101(d). The relief sought by the parties includes cessation of behavior by the other party and possession of the residence and custody of minor children under 7 GCA § 40105(a)(1-2, 4). These facts and forms of relief are properly achieved through a protection order pursuant to 7 GCA § 40101(a). "Any proceeding under [7, GCA, Chapter 40] shall be in accordance with the Rules of Civil Procedure . . ." 7 GCA § 40108.

Miscellaneous Rule 2.1 *et seq.* of the Local Rules of the Superior Court of Guam "shall govern the Order of Protection process in the Superior Court, for all persons as defined under 9 GCA § 30.10(b) and 7 GCA § 40101(d), who seek an order of the Court for exigent and immediate relief from abuse or the threat of abuse by a family or household member." MR 2.1.2 dictates the content of a *Petition of an Order of Protection* and, notwithstanding that such a

Page 1

petition may be filed concurrently with or subsequent to another case, requires that a Protective Order be designated as "Protective Order – PO Case #00-0000." *See also*, Appendix of Forms, Miscellaneous Rule 2.1 (A. Order to Show Cause/Temporary Order of Protection; B. Preliminary Order of Protection; C. Permanent Order of Protection with Additional Orders; and D. Permanent Order of Protection without Additional Orders).

Promulgation Order No. 10-003-02 (Dec. 23, 2011) enacted the Administrative Rule RE Amended Trial Court Case Assignment Procedures and requires that "[a]ll civil Ex Parte Applications for Temporary Orders of Protection ("TPO") and Orders to Show Cause, and all Protective Order cases ("PO") as defined under [MR] 2.1 shall be assigned to the Family Violence Court." MR 2.1.2.B further requires the consolidation of the cases by the Clerk of Court and "[c]onsistent with the concept of One-Judge-One-Family, any domestic case (DM) involving a party or parties who are also involved in a related family violence case and/or PO case or cases shall be assigned, or reassigned, to the Family Violence Court, as provided for under [MR] 2.1.2.B . . . ." Promul. Order No. 10-003-02 at 6.

With regard to ex parte hearings for a TPO or PO, although MR 2.1.3 provided that an ex parte application for an Order of Protection be brought before the Ex Parte Judge, this has since been amended by the Promulgation Order, which provides that "[a]ll ex parte applications for [Protective Orders] shall be referred to the Family Violence Court judge and not the on-duty ex-parte judge and any hearings, including OSC hearings, on these types of cases shall be scheduled by the Family Violence Court judge." *See id.*

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED** that the Defendant/Petitioner Jovito Jasmin's *Order to Show Cause RE: Temporary Restraining Orders; Custody* and Defendant/Respondent Dolores Jasmin's *Objection and Cross-OSC for a Restraining Order* be and hereby are rejected as non-conforming to the Rules of Civil Procedure for Protective Orders.

It is **SO ORDERED** nunc pro tunc to July 30, 2013.

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

8·12·13

Jesse C. Franquez
Deputy Clerk, Superior Court of Guam

Page 2